[No. 7,712.—In Bank.]
October 9, 1882.

## DAVID MULREIN *v.* ISAAC S. KALLOCH ET AL.

DISCRETION OF BOARD OF NEW CITY HALL COMMISSIONERS AS TO MATERIALS ETC.—NEW CITY HALL COMMISSIONERS, SAN FRANCISCO—INJUNCTION.— Action to enjoin the payment of money to defendant Carter upon a "lathing and furring contract" with the City Hall Commissioners. Defendants, "Commissioners of the New City Hall," caused to be published an invitation for proposals for furnishing materials' and doing certain work upon the Hall. The notice declared that the work was to be performed and the materials supplied in accordance with contract and specifications mentioned. Among the specifications was one which read: "The lathing used must be either Carter's patent lathing of the same construction as that previously used on the building, and which must be cut out and manufactured from the sheet iron within the limits of the City and County of San Francisco, or it must be some other description of lathing, also to be cut out and manufactured from the sheet iron within the limits of the City and County of San Francisco, of equal quality and merit to the lathing above specified, and to be approved as such by the Commissioners and the Architect and the Superintendent."

*Held:* 1. The Act of March 24, 1876, under which the Commissioners were acting, contemplated the preparation of specifications, before the publication of notice for bids.

2. If the Commissioners had power to adopt the specification there is no question but the notice for bids was in proper form and was published as required by Section 14 of the Act.

3. If the Court could substitute its judgment for that of the Commissioner in determining what kind of *lathing* should be used and where it should be manufactured, there is no evidence in the record to show that the Commissioners were mistaken; and the Court can not take judicial notice that the facts are not as found by the Commissioners.

4. The contract made by the Commissioners with the defendant Carter is not *void.*

APPEAL by defendants from order granting injunction in the Superior Court of the City and County of San Francisco. HAYNE, J.

Injunction against the defendants Isaac S. Kalloch, John L. Murphy, and John P. Dunn, as members of the Board of New City Hall Commissioners, and Charles H. Carter, a contractor in the construction of the hall. The plaintiff, as a taxpayer in the City and County of San Francisco, brought the action to enjoin the payment of any money on the contract made with the defendant Carter in November, 1880;

alleging that the Commissioners had exceeded their powers, and by adopting the specifications set out in the opinion of the Court, they had prevented competition in the letting of the work. After hearing had upon an order to show cause, the Court below granted the injunction.

*Baggett & Platt, Cope & Boyd,* and *McAllister & Bergin,* for Appellants.

The power to make contracts is conferred upon the Board in the broadest and most comprehensive terms. All the provisions of the Act show it. (See Stats. 1875–6, p. 461; also, *Harlem Gas Co.* v. *The Mayor etc.* 33 N. Y. 309; *In re Dugro,* 50 N. Y. 513; *Attorney General* v. *Detroit,* 12 Am. Law Reg. (N. S.) 149.)

*J. H. Miller* and *J. P. Langhorne,* for Respondent.

McKINSTRY, J.:

Defendants, "Commissioners of the New City Hall," caused to be published an invitation for proposals for furnishing materials and doing certain work upon the hall. The notice declared that the work was to be performed and the materials supplied in accordance with contract and specifications mentioned.

The question is: Was the contract and the award thereof to Carter *void,* because among the specifications was one which reads:

"The lathing used must be either Carter's patent lathing of the same construction as that previously used on the building, and which must be cut out and manufactured from the sheet iron within the limits of the City and County of San Francisco, or it must be some other description of lathing, also to be cut out and manufactured from the sheet iron within the limits of the City and County of San Francisco, of equal quality and merit to the lathing above specified, and to be approved as such by the Commissioners and the Architect and the Superintendent."

The Act contemplates the preparation of specifications before publication of the notice for bids. "The advertisement

\*   \*   \*   may refer to plans and specifications," etc.  (Stats. 1875–6, p. 464, sec. 14.)

If the Commissioners had power to adopt the specification, there is no question but the notice for bids was in proper form, and was published as required by Section 14.

It was determined by the Commissioners that *lathing,* cut out and manufactured from sheet iron in San Francisco, was better adapted to the purpose they had in view than lathing made elsewhere.  Even if we could substitute our judgment for theirs, there is no evidence in the transcript tending to prove that they were mistaken.  We cannot take judicial notice that the fact is not as found by the Commissioners.

Order reversed.

MYRICK, SHARPSTEIN, ROSS, MCKEE, and THORNTON, JJ., concurred.